UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
OCT 24 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Margaret Vetere, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 19-2834 (UNA)
 )
New York State Government *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of New York, New York, who has sued New York State and the United States for monetary damages exceeding $2 million. Compl. at 37. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). In addition, the Eleventh Amendment to the U.S. Constitution immunizes a State from suit in federal court,

1

unless immunity is waived.[1] A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff's complaint is not a model of clarity. It alleges "age discrimination committed by" New York State Department of Labor "against Vetere." Compl. at 2 ¶ 5. To the extent that the complaint is brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 623, plaintiff has not met her burden of establishing New York's waiver of immunity under the Eleventh Amendment. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that, "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals").

In addition, Plaintiff has alleged no facts to overcome the United States' immunity from any claim arising from the Department of Labor's processing or handling of her discrimination claim. *See* Compl. ¶¶ 48-78 (recounting alleged correspondence with DOL). "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC [or by extension a federal agency's EEO office] for . . . alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) (citations omitted); *see Koch v. White*, 967 F. Supp. 2d 326, 336 (D.D.C. 2013) ("The D.C. Circuit's analysis [in *Smith*] is equally applicable to allegations of improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

EEOC."). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 21, 2019

CHRISTOPHER R. COOPER
United States District Judge